UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN PHILLIPS,<br><br>             Petitioner,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>             Respondents. | Case No. CV 11-3117-SVW (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On April 13, 2011, Edwin Phillips ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").

**RELEVANT PROCEDURAL HISTORY**

On December 7, 2010, Petitioner was found guilty of a parole violation. On January 6, 2011, Petitioner was sentenced to a term of eleven months incarceration. (Petition at 2.)

Petitioner did not appeal. Rather, he filed a CDC 602 inmate appeal on January 11, 2011. (Petition at 3.)

On January 11, 2011, Petitioner also filed a habeas petition in the Los Angeles County Superior Court. It appears that petition is still pending. (Petition at 4.)

**DISCUSSION**

**I.     Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

**II.    Fully Unexhausted Petition**

As a matter of comity, a federal court will not grant habeas relief to a petitioner held in state custody unless he has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust available state remedies before seeking federal habeas relief).

Exhaustion requires that the petitioner's contentions be "fairly presented" to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been "fairly presented" unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Thus, a claim is

unexhausted where the petitioner did not fairly present either the factual or the legal basis for the claim to the state's highest court. See Picard v. Conor, 404 U.S. 270, 275 (1971). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972); Werts v. Vaughn, 228 F.3d 178, 192 (3rd Cir. 2000).

A federal court may raise the exhaustion issue sua sponte and may dismiss summarily on that ground. See Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987). "'The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals.'" Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (quoting Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)).

A petition containing solely unexhausted claims is subject to immediate dismissal. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obligated to dismiss petition containing no exhausted claims); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

The California Supreme Court has not adjudicated any of the claims in the instant Petition. Thus, the Petition contains only unexhausted claims, and the Petition must be dismissed without prejudice.[1]

---

[1] Although the Petition is dismissed without prejudice to Petitioner filing a new petition after the claims asserted therein have been exhausted, the Court admonishes Petitioner that any new petition will be subject to the statute of limitations set forth in 28 U.S.C. § 2244(d). 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review." However, the limitations period is not tolled while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 176-78, 181 (2001). The Court makes no finding as to the timeliness of any future federal habeas petition.

**III.  Improper Respondents**

Petitioner also has failed to name a proper respondent.  If Petitioner chooses to file a new petition after he has exhausted state remedies, he must name as the respondent the warden of the state prison where he is incarcerated at that time (i.e., the warden of the institution) or, if he has been released, his parole or probation officer.  See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto.  The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that this action be DISMISSED without prejudice to Petitioner filing a new petition after he has exhausted state remedies.

DATED:  4/27/11

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE